UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN LEE McCULLOM,<br><br>    Plaintiff,<br><br>  v.<br><br>SEAN WHENT, et. al.,<br><br>    Defendants. | Case No. 15-cv-5718-TEH<br><br>ORDER ON MOTIONS<br><br>Dkt Nos. 32, 37, 47, 48, 49, 50 |

    Plaintiff, a detainee, proceeds with a pro se civil rights action under 42 U.S.C. § 1983. Defendant filed a motion for summary judgment on August 18, 2016, and the case was reassigned to the undersigned on August 26, 2016. Plaintiff has filed several motions.

    Plaintiff has filed a motion for law library access as needed, however, Plaintiff has not indicated if any requests for law library access have been denied. The motion is dismissed without prejudice. Plaintiff should be allowed access to the law library as permitted by the institution. Plaintiff may wish to show staff at Napa State Hospital the motion for summary judgment or this Order indicating that he must file an opposition to the motion for summary judgment.

    Plaintiff also requests a subpoena for records concerning his criminal case and a competency determination. This civil rights case involves confiscation of his mail at Santa Rita

County Jail. The records Plaintiff seeks are not relevant to this action so the request is denied. Plaintiff should discuss the matter with his criminal defense attorney or else he may file a separate case.

The Court ordered service on two defendants, Whitaker and T.S. Jacobs. Whitaker was served and filed the motion for summary judgment. Counsel for Whitaker has filed a letter with the Court indicating that T.S. Jacobs does not exist. Plaintiff must provide more information regarding this Defendant or else the Defendant will be dismissed for failure to serve.

For the foregoing reasons, the Court hereby orders as follows:

1. Plaintiff's motion regarding interference with his mail (Docket No. 32) is DENIED because he is now housed at a different facility.

2. Defendant Whittaker's motion for an extension (Docket No. 37) is GRANTED and the motion for summary judgment is deemed timely filed.

3. Plaintiff's motions for law library access (Docket No. 47) and a subpoena (Docket No. 49) are DENIED.

4. Plaintiff's motion (Docket No. 48) is DENIED and Defendant provided the Rand notice in the motion at page six. Furthermore, the Court will provide an additional notice below.

5. Plaintiff's motion for an extension (Docket No. 50) is GRANTED in part and plaintiff shall file an opposition to the motion for summary judgment within sixty (60) days of service of this motion. Failure to file an opposition may result in dismissal of this action.

**6. The Clerk shall update Plaintiff's address to: Kevin McCullom, Inmate #212769-4, Napa State Hospital, 2100 Napa Vallejo Hwy., Napa, CA 94558. The Clerk shall send Plaintiff copies of the motion for summary judgment (Docket Nos. 38, 39)**

**IT IS SO ORDERED.**

**Dated: 9/20/2016**

THELTON E. HENDERSON
United States District Judge

G:\PRO-SE\TEH\CR.15\McCullom5718.ord.docx

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.  When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted, your case will be dismissed and there will be no trial.

**NOTICE -- WARNING (EXHAUSTION)**

If defendants file a motion for summary judgment for failure to exhaust, they are seeking to have your case dismissed.  If the motion is granted it will end your case.

You have the right to present any evidence you may have which tends to show that you did exhaust your administrative remedies.  Such evidence may be in the form of declarations (statements signed under penalty of perjury) or authenticated documents, that is, documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers, such as answers to interrogatories or depositions. If defendants file a motion for summary judgment for failure to exhaust and it is granted, your case will be dismissed and there will be no trial.